## IRON TRADES PRODUCT CO. v. MURRAY TOOL & SUPPLY CO.

No. 13787—Opinion Filed Nov. 12, 1924.

**1. Sales — Breach of Warranty—Inferior Quality—Remedy of Purchaser.**

Where a commodity of a certain defined and well known grade and quality. is sold and agreed to be delivered, but upon delivery is ascertained to be of an inferior grade and quality wholly unfitted to the uses for which it was purchased. the buyer is not required to tender back such commodity as a condition precedent to the right to maintain an action or cross-petition for breach of warranty.

**2. Same—Question of Acceptance for Jury —Sufficiency of Evidence.**

Where, in such case. the buyer unloads the shipment and within a reasonable time forwards samples to the seller together with notification of the inferior and unsatisfactory grade and quality, but thereafter uses a part of the shipment, the question of whether the amount used was for the purpose of testing the quality or constituted an acceptance is a question of fact for determination by the jury under proper instructions, but where the verdict is clearly contrary to the evidence upon this issue. a judgment based upon such verdict will be reversed.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Pawnee County; Redmond S. Cole, Judge.

Action by Iron Trades Product Company, a corporation, against Murray Tool & Supply Company, a corporation, for the sum of $650.70, with interest. Judgment for defendant upon its cross-petition, and plaintiff brings error. Reversed.

This action was commenced September 13, 1921, by plaintiff filing in the district court of Pawnee county its petition against the defendant wherein it was alleged, in substance, that on or about November 15, 1920, plaintiff sold and delivered to the defendant under a written sales contract one carload of 72-hr. Connelsville foundry coke consisting of 36.15 tons for which defendant agreed to pay the sum of $650.70, but that defendant had wholly failed and refused to pay the same. and prayed for judgment for that

amount, together with interest at the rate of 6 per cent. from November 15, 1920.

Defendant answered this petition by a general denial, and filed its cross-petition against the plaintiff in which it was admitted that defendant ordered the car of 72-hr. Connelsville foundry coke from the plaintiff, but alleged that upon delivery of said car of coke it was found to be not 72-hr. Connelsville foundry coke, but a very inferior grade of furnace coke which was wholly unfit for use by the defendant in its business, and it prayed for judgment in the sum of $500 against the plaintiff for freight and other charges paid out by it before it was able to determine the inferior grade of the coke delivered by plaintiff under the contract.

Reply was filed to this answer and cross-petition, and upon the issues thus made the case was tried to a jury and resulted in a verdict in favor of the defendant for $438.43, upon which verdict judgment was rendered. After unsuccessful motion for new trial plaintiff has brought the case here by petition in error with case-made attached for review. The parties will be hereafter referred to as plaintiff and defendant, respectively, as they appeared in the trial court.

Charles Besly, for plaintiff in error.

McCollum & McCollum, for defendant in error.

Opinion by LOGSDON, C. For reversal of this case plaintiff relies upon three propositions as follows:

"First. That the verdict is not supported by the evidence but is contrary to law. ·

"Second. That the court erred in giving instruction No. 6 to the jury.

"Third. That the court erred in overruling plaintiff's motion for a new trial."

It is apparent that the third proposition is wholly dependent upon the maintenance of plaintiff's contention under either the first or second proposition, for if neither of these propositions be sustained it must follow that the third proposition is likewise without merit.

It appears from an examination of the testimony preserved in the record that 72-hr. Connelsville foundry coke is a recognized and established grade of coke made and prepared for certain uses and purposes in connection with work done in foundries. It is to be inferred from the testimony that this grade of coke is the best grade made, and that inferior to this is a grade known as 48-hr. coke which is made largely from the

culls and waste coal left over in the process of making the 72-hr. coke. Defendant's testimony in support of its cross-petition tended to establish that when this car of coke arrived at destination it was necessary to unload it before its grade and quality could be definitely determined. That in order to do this it paid the freight charges and the charges for unloading, and that when so unloaded this shipment was found to consist almost entirely of 48-hr. coke, with considerable slack, cinders, and ashes. That it was a very inferior grade, and that upon testing same in defendant's foundry it was found to be wholly unfit for use and worthless as foundry coke. It is further shown that within a reasonable time after the unloading of the car defendant took samples of the coke and shipped them to plaintiff for examination and inspection, and that it wrote a letter informing the plaintiff of the inferior quality of the coke and of its unfitness for use in the defendant's foundry, and demanded that plaintiff make other disposition of the shipment. Plaintiff refused to receive from the express office the samples sent it and refused to receive back the shipment or to make any other disposition of it or to adjust in any manner its claim against the defendant. On behalf of plaintiff the testimony tended to show that its 72-hr. coke was taken from its oven on Monday and Tuesday of each week, and that its 48-hr. coke and other inferior grades were never removed from its ovens on the same days as the 72-hr. coke was removed. It was further shown that the carload in question was loaded directly from its ovens on Tuesday, one of the days on which only 72-hr. coke was removed therefrom. The testimony further tended to show that after the samples were sent to the plaintiff and defendant's letter calling attention to the inferior quality of the coke had been mailed, defendant continued to use or attempted to use this coke during the month of December, and that it used an amount estimated roughly at from 12 to 18 tons, and that during this time defendant had no other coke on hand for use in its foundry.

With the testimony in this condition the trial court gave to the jury the following instruction:

"With reference to the second question, the matter of acceptance, you are told that the reception by a purchaser of a given commodity and its retention by him, as a matter of law constitutes an acceptance. However, there are exceptions to the rule. In this case you are told that the law applicable to the facts as presented by the evidence, is this: That the defendant had a right as a

matter of law to make an inspection of the coke that was shipped to the defendant at Yale, Okla., that he had a right, if necessary, to unload it and test it and use it or a portion of it or enough of it to determine whether or not it fulfilled the requirement of the grade of coke that he was ordering. However, he would not be permitted to use any greater quantity than is necessary to determine whether or not the quality of the goods measured up to the warranty or implied warranty. In this connection you are told that if you find by a preponderance of the evidence in this case that the coke in question was delivered to the defendant corporation in Yale, Okla., and was by that company accepted and that the company proceeded to use the same and did use an amount thereof in excess of what was necessary to test its quality, that as a matter of law that would constitute an acceptance and your verdict should be for the plaintiff for the amount sued for. On the other hand, if you find that the amount used was only an amount sufficient to enable the defendant to determine the quality of the article, and you further find that the quality of the article was such that it did not measure up to the implied warranty, your verdict will be for the defendant."

It is evident that the jury, in arriving at the verdict which it returned, disregarded that portion of the above instruction which defined what would constitute an acceptance. If the use of from 12 to 18 tons of a 36-ton car of coke is not sufficient to constitute an acceptance, and does not transcend the rule in regard to testing without acceptance, it would be difficult to conceive a state of facts which would bind a purchaser by the rule of implied acceptance.

It is therefore concluded that plaintiff's first proposition is correct, and that the verdict of the jury is not sustained by the evidence, but is contrary thereto. Being contrary to the evidence, it is also contrary to the law as contained in instruction No. 6, above quoted. It therefore follows that plaintiff's third proposition is correct, and that the trial court erred prejudicially in overruling the motion for new trial.

The judgment should be reversed and remanded for a new trial.

By the Court: It is so ordered.